IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTINA STEPHENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAREY SERVICES, INC. )<br>)<br>Defendant, ) | Cause No.: 1:20-cv-3058 |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Kristina Stephens, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Kristina Stephens, is a former employee of Defendant and is a resident of Madison County in the State of Indiana.

2. Defendant, Carey Services, is an employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. §12101, and conducts business in the State of Indiana.

3. Ms. Stephens filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about May 8, 2017 (Charge No. 470-2020-02448) alleging, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101 and the Age Discrimination in Employment Act, 29 U.S.C. §626 *et. seq.*

4. The Equal Employment Opportunity Commission and/or the Department of Justice issued to Ms. Stephens a Right to Sue letter on the charge on September 20, 2020.

5. Ms. Stephens invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Ms. Stephens is a fifty (50) year old female who was employed by the Defendant as a Direct Support Staff since February 2015, and at all times met the Defendant's legitimate performance expectations.

8. On or about June 2019, Ms. Stephens suffered injuries as a result of an on-the-job motor vehicle accident which required medication that would make her irritable.

9. Ms. Stephens returned to work in March, and told Defendant about the side effects of her medication and asked the Defendant to accommodate her during her recovery.

10. Within days, Ms. Stephens was subjected to sexual harassment by a coworker who made unwanted sexual advances toward the Plaintiff and made comments to the effect of *I want to fuck you*.

11. The Plaintiff complained to the Defendant about the constant harassment, but the Defendant failed to address Plaintiff's complaints.

12. On or about March 17, 2020, the Plaintiff was working with a difficult client and the coworker she had complained about recorded Plaintiff's conversation in violation of company policy and turned the recording over to their supervisor.

13. That same day, the Defendant terminated Plaintiff for allegedly speaking inappropriately to a client.

**Count I**
**Title VII Sexual Harassment**

14. Plaintiff incorporates by reference Paragraphs one through thirteen (13) above.

15. Defendant discriminated against Ms. Stephens on the basis of her sex when her coworker subjected her to unwanted harassment by allowing Plaintiff's coworker to make objectively and subjectively offensive comments of a sexual nature.

16. Plaintiff notified the Defendant that the behavior was unwanted and Defendant failed to take action to rectify the sexual harassment.

17. As a result, Plaintiff was treated less favorably than other male employees who were not subjected to sexual harassment.

18. Ms. Stephens' sex was the motivating factor in Defendant's treatment of her.

19. These actions violated Ms. Stephens' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

20. As a result of the foregoing, Ms. Stephens has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

21. As a result of Defendant's actions, Ms. Stephens has incurred attorney fees and costs.

22. Defendant's actions were done with malice or willful reckless disregard to Ms. Stephens' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count II
### Title VII - Retaliation

23. Plaintiff Incorporates by reference Paragraphs one through twenty-two (22) above.

24. Defendant complained to the Company about sexual discrimination and harassment.

25. Defendant discriminated against Ms. Stephens when it ignored her complaints and

terminated her employment.

26. The Defendant's proffered reason for terminating Plaintiff's employment was pretextual.

27. The Defendant in fact terminated Plaintiff because of her complaints of sexual harassment and discrimination.

28. As a result of the foregoing, Ms. Stephens has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

29. As a result of Defendant's actions, Ms. Stephens has incurred attorney fees and costs.

30. Defendant's actions were done with malice or willful reckless disregard to Ms. Stephens' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count III
## Disability

31. Plaintiff incorporates by reference paragraphs one (1) through thirty (30) above.

32. Plaintiff suffers from disabilities and/or perceived disabilities that affect one or more of her major life activities, specifically Plaintiff suffered injuries as a result of while on-the-job motor vehicle accident that required medication that makes her irritable.

33. Plaintiff was able to perform all of the essential functions of her original job with or without reasonable accommodation during the duration of her recovery.

34. Rather than accommodate Plaintiff, Defendant terminated her employment because of her disability(ies) and/or perceived disability(ies).

35. Plaintiff was treated less favorably than similarly situated non-disabled employees who were not terminated.

36. As a result of the foregoing, Stephens suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

37. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count IV
## Age Discrimination

38. Plaintiff incorporates by reference Paragraphs one (1) through thirty-seven (37) above.

39. Plaintiff, a fifty (50) year old female is over the age of forty and thus a member of a protected class.

40. Plaintiff met all of Defendant's legitimate performance expectations.

41. Defendant discriminated against Stephens on the basis of her age when it terminated her employment for an allegedly talking harshly to one of the residents.

42. Even if Defendant's stated reason was true, Plaintiff was treated less favorably than younger employees who spoke harshly to resident and were not terminated.

43. Defendant terminated Stephens because of her age.

44. As a result of the foregoing, Stephens suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

45. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count V
## Frampton

46. Plaintiff incorporates by reference Paragraphs one (1) through forty-five (45) above.

47. Plaintiff exercised a statutory right by filing a claim under Indiana's Workers' Compensation Statute.

48. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff in retaliation for exercising her statutory right to file a workers' compensation claim.

49. Plaintiff's retaliatory discharge for filing a workers' compensation claim is contrary to public policy and actionable under Indiana common law.

50. As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, lost wages and attorney fees.

WHEREFORE, Plaintiff, Kristina Stephens, by counsel, respectfully requests judgment against Defendant in an amount sufficient to fairly and adequately compensate her lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/Paul J. Cummings
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/Paul J. Cummings_____
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road – Ste. B
Greenwood, IN  46142
(317) 885-0041;
(317) 885-0506 Fax